State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Eric W. Kruger, respondent.

___ N.W.2d ___

Filed November 1, 2013.    No. S-13-108.

Original action. Judgment of public reprimand.

Heavican, C.J., Wright, Connolly, Stephan, McCormack,
Miller-Lerman, and Cassel, JJ.

Per Curiam.

## INTRODUCTION

Respondent, Eric W. Kruger, was admitted to the practice
of law in the State of Nebraska on September 12, 1977. At
all relevant times, he was engaged in the private practice of
law in Omaha, Nebraska. On February 11, 2013, the Counsel
for Discipline of the Nebraska Supreme Court filed formal
charges consisting of one count against respondent. In the one
count, it was alleged that by his conduct, respondent had vio-
lated his oath of office as an attorney, Neb. Rev. Stat. § 7-104
(Reissue 2012), and Neb. Ct. R. of Prof. Cond. §§ 3-504.1(a)
(truthfulness in statements to others) and 3-508.4(a), (c), and
(d) (misconduct).

On May 3, 2013, respondent filed his answer admitting to
the formal charges. On May 23, a referee was appointed to
recommend discipline, and on September 4, the referee's report
was filed which recommended a public reprimand and super-
vised probation for a period of 18 months. On September 13,
respondent filed exceptions to the referee's report.

On September 23, 2013, respondent filed a conditional
admission pursuant to Neb. Ct. R. § 3-313 of the disciplinary
rules, in which he knowingly chose not to challenge or contest
the truth of the matters set forth in the formal charges and
waived all proceedings against him in connection therewith in
exchange for a judgment of public reprimand and no super-
vised probation.

The proposed conditional admission included a declaration
by the Counsel for Discipline, stating that respondent's request

for public reprimand is appropriate. The Counsel for Discipline agreed with respondent that "a term of probation is unnecessary in this case."

Upon due consideration, we approve the conditional admission and order that respondent be publicly reprimanded.

## FACTS

The formal charges generally allege that respondent knowingly made false statements during a settlement negotiation. The underlying facts of this case can be found at *Smalley v. Nebraska Dept. of Health & Human Servs.*, 283 Neb. 544, 811 N.W.2d 246 (2012), *cert. denied* ___ U.S. ___, 133 S. Ct. 1631, 185 L. Ed. 2d 616 (2013).

The formal charges state that on December 20, 2007, Edward M. Smalley was injured when he was struck by a vehicle owned by Mark Morehead Construction, Inc. (Morehead), and driven by Jerome Speck. On behalf of Smalley, respondent filed suit against Speck and Morehead in February 2008.

It was determined that Smalley was eligible for Medicaid during his hospital stay, and in March 2008, the hospital submitted medical bills for Smalley in excess of $400,000 to the Nebraska Department of Health and Human Services (DHHS) for payment under Medicaid. Pursuant to statutory regulations and DHHS' provider agreement with the hospital, DHHS could fully resolve Smalley's medical bills with a payment of approximately $130,000. Emil Spicka, a medical claims investigator with DHHS, refused to pay Smalley's hospital bills on the basis that "'third party resources'" might be available, such as the liability insurance of Speck and Morehead. At the time DHHS denied payment of the medical bills, Smalley's claims against Speck and Morehead had not been resolved.

Respondent received a settlement offer of $800,000 from Speck and Morehead. According to the formal charges, respondent then specifically told Spicka that if DHHS would pay Smalley's hospital bill, Smalley would reimburse Medicaid the full amount of its payment to the hospital of approximately $130,000. Based upon the affirmative promise and assurance of payment from respondent, Spicka authorized the Medicaid

payment to the hospital, which effectively extinguished the hospital's claim against Smalley for medical services in excess of $400,000.

Immediately after DHHS paid the hospital bill for Smalley, respondent amended the complaint in the pending case against Speck and Morehead to add DHHS as a defendant. According to the amended complaint, respondent acknowledged that he intentionally misled Spicka to believe that Smalley would agree to pay DHHS the full $130,000 and that he made the false promise for the purpose of extinguishing the full hospital bill of over $400,000 and with the express intention to thereafter challenge DHHS' claim to the full $130,000. The formal charges allege that respondent knew his promise to Spicka was false when he made it.

The issue of DHHS' entitlement to the $130,000 payment from Smalley was litigated, and ultimately on appeal, we determined that DHHS was entitled to full reimbursement of the $130,000 Medicaid payment. See *Smalley v. Nebraska Dept. of Health & Human Servs., supra*.

The formal charges allege that respondent's actions constitute violations of his oath of office as an attorney as provided by § 7-104 and professional conduct rules §§ 3-504.1(a) and 3-508.4(a), (c), and (d).

## ANALYSIS

Section 3-313, which is a component of our rules governing procedures regarding attorney discipline, provides in pertinent part:

> (B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that

the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to § 3-313, and given the conditional admission, we find that respondent knowingly does not challenge or contest the matters set forth in the formal charges. We further determine that by his conduct, respondent violated professional conduct rules §§ 3-504.1(a) and 3-508.4(a), (c), and (d), as well as his oath of office as an attorney licensed to practice law in the State of Nebraska. Respondent has waived all additional proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

The conditional admission is accepted. Respondent is publicly reprimanded. Respondent is directed to pay costs and expenses in accordance with Neb. Ct. R. §§ 3-310(P) and 3-323(B) within 60 days after the order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF PUBLIC REPRIMAND.

––––––––––––––

IN RE INTEREST OF SAMANTHA L. AND JASMINE L.,
CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, DEPARTMENT OF HEALTH AND
HUMAN SERVICES, APPELLEE AND CROSS-APPELLEE,
v. KELLY L., APPELLEE AND CROSS-APPELLANT,
AND WILLIAM H., APPELLANT.

___ N.W.2d ___

Filed November 1, 2013.    No. S-13-264.

1. **Rules of the Supreme Court: Appeal and Error.** Headings in the argument section of a brief do not satisfy the requirements of Neb. Ct. R. App. P. § 2-109(D)(1) (rev. 2012). Under that rule, a party is required to set forth the